ROBERT D. FEDELE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fedele v. Commissioner
Docket No. 29372-84.
United States Tax Court
T.C. Memo 1985-569; 1985 Tax Ct. Memo LEXIS 63; 50 T.C.M. (CCH) 1456; T.C.M. (RIA) 85569; November 20, 1985. Robert D. Fedele, pro se. Beth Williams, for the respondent. RAUM
MEMORANDUM FINDINGS OF FACT AND OPINION RAUM, Judge: The Commissioner determined deficiencies in income tax and additions to tax against petitioner as follows: Additions to Tax, I.R.C. 1954, Sections
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654(a)
1980
$4,020
$201.20
1981
4,049
$906.75
202.45
50% of the
$272
interest due
on $4,049
The parties have filed a stipulation of facts which, together with accompanying exhibits, is incorporated herein by reference. Petitioner resides in the City of Somerville, Massachusetts, and was an employee of that city during 1980 and 1981. As shown by a W-2 Wage and Tax Statement for each of the year, petitioner *64 received "Wages * * *" from the city in the amounts of $20,392.88 in 1980 and $20,758.08 in 1981. The W-2 forms also showed Federal income tax withheld in the amounts of $4,117.50 for 1980 and $422.46 for 1981. [1]
The record fails to disclose that petitioner filed any return for 1980. As to 1981, he did submit an unsigned Form 1040 in which he sought a refund of the taxes withheld by his employer, the City of Somerville, Massachusetts. His occupation was stated on the 1040 to be "Teacher". On the line on the 1040 calling for signature and date was the handwritten entry "For information only -- not a return." On Schedule C attached to the 1040 there were recorded "gross receipts or sales" in the amount of $20,758.08 -- the identical amount shown on the 1981 W-2 as having been paid to petitioner as wages. Further, there was subtracted from such "gross receipts or sales" an amount of $24,393.68 -- allegedly as "cost of goods sold and/or *65 operations" --, leaving a stated net loss of $3,635.60. Submitted along with the foregoing Form 1040 were three typed or possibly pre-prepared attachments captioned "Request For Refund" (1 page), "Affirmed Declaration of Fact" (3 pages), and "Memorandum of Law" (11 pages). Included in these attachments were statements that petitioner is a "natural-born INDIVIDUAL and FREEMAN", that he had been "substantially deceived * * * by the IRS propaganda" which he referred to as "this fraudulent practice of yours", that he was not a "taxpayer" or "taxable person", that he had no "taxable year", that he may have lawfully exchanged his "labor" for "promissory notes" (apparently referring to Federal Reserve Notes), but "derived" no gain and instead "derived" a loss. These and other tax protester arguments were stated and restated in various ways in the three attachments to the foregoing Form 1040. The "Memorandum of Law" was a hodge podge of garbled legal discussions and contentions with pretentious and copious citations to Supreme Court opinions and references to the Constitution. The Commissioner's determination of deficiency for each year was based primarily upon his inclusion in petitioner's *66 gross income of the amount of wages shown on the respective W-2s as having been paid to him. The Commissioner also included a $146 item [2] of interest income for 1980, and allowed a $1,000 personal exemption for each year. At the trial petitioner presented no evidence to establish error in the Commissioner's determination. Instead, his "evidence" consisted primarily of reading a prepared statement which generally restated his contentions and position set forth in the attachments to the foregoing unsigned Form 1040. Portions of that statement followed substantially verbatim the litany of similar "testimony" presented in a number of other tax protester cases, suggesting that they have a common source. Such contentions are utterly without merit, and have been repeatedly rejected by this Court and other *67 courts throughout the country. We will not dignify them with any discussion or scholarly analysis, for, to do so, might suggest that they may have even some tenable basis for serious consideration. We have heard such arguments regurgitated ad nauseam in a number of other cases. Enough said. We hold further that the additions to tax were properly imposed. The burden of proof in this respect was upon petitioner and he has failed to carry it. There was no showing of the absence either of negligence or of the disregard of rules and regulations. Moreover, no valid return was filed as to either 1980 or 1981, nor has petitioner carried his burden in any other respect as to any of the additions to tax. Finally, we are fully convinced as to the frivolous character of the proceedings instituted and maintained by petitioner in this case. He has abused the processes of this Court and wasted our time as well as that of the IRS. We hereby award damages to the United States in the amount of $5,000 pursuant to section 6673, I.R.C. 1954. We note in this connection that even prior to petitioner's filing of his amended petition herein (on November 8, 1984), the United States District Court, *68 District of Massachusetts, on August 31, 1984, entered summary judgment against petitioner in a related matter. As shown by certified copies of the proceedings in that case submitted in evidence herein, he had there sought to recover a penalty imposed upon him by the IRS for filing a frivolous return for 1983, where he had taken a position similar to his contentions herein. Decision will be entered for the respondent.
Footnotes
1. The stipulation of facts confusingly indicates that the amounts withheld were $4,603.42 and $1,332.21 for the years 1980 and 1981, respectively. However, our finding in the text above is based upon the W-2s themselves which were stipulated.↩
2. Petitioner conceded in the stipulation of facts that he "was paid interest of $146.00 during 1980" by a credit union. The stipulation also states that petitioner "was paid interest of $22.00 during 1980 and $16.00 during 1981 by the Somerville Savings Bank". However, the Commissioner has not sought any increased deficiency based on the Somerville Savings Bank interest.↩